UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.,<br><br>501 Front Street<br>Norfolk, VA 23510<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201,<br><br>Defendant. | Civ. No.<br><br><br><br>**Complaint for Declaratory and Injunctive Relief** |

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking the release of records submitted pursuant to mandatory federal regulations regarding the imports of nonhuman primates into the United States.

**Jurisdiction and Venue**

2. This Court has jurisdiction over the parties and subject matter pursuant to 5 U.S.C. § 552(a)(4)(B).

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

**Parties**

4. Plaintiff People for the Ethical Treatment of Animals, Inc. (PETA) is a Virginia non-stock corporation and animal protection charity pursuant to Section 501(c)(3) of the Internal Revenue Code, with its headquarters located at 501 Front Street, Norfolk, Virginia 23510. PETA is dedicated to protecting animals from abuse, neglect, and

1

cruelty. A central tenet of PETA's mission is to expose neglect and abuse to animals used in experimentation. PETA is the requester of the information at issue in this case.

5. Defendant Department of Health and Human Services (HHS) is an agency of the United States. The Center for Disease Control (CDC) is a component of HHS. The CDC has possession, custody, and control of the records PETA seeks.

**Statement of Facts**

Background

6. 42 C.F.R. § 71.53(n) requires that whenever a company or individual imports nonhuman primates into the United States, the importer submit to the CDC certain information, including the importer's name and address, the number and species of nonhuman primates to be imported, the nonhuman primates' country of origin, the name and address of the exporter, a description of the crates used to ship the nonhuman primates, certain flight information for the import, and the name and address of the U.S. quarantine facility where the primates will be initially held.

7. 42 C.F.R. § 71.53(g)(1)(i) & (ii) require that nonhuman primate importers register with the CDC via a "registration/application form" and that the importer submit "[a] completed statement of intent that describes the number and types of [nonhuman primates] intended for import during the registration period, [and] the intended permitted purposes for which the [nonhuman primates] will be imported."

8. 42 C.F.R. § 71.53 became effective April 16, 2013.

//

//

//

PETA's FOIA Request (CDC FOIA No. 14-00712)

9. On May 16, 2014, PETA sent a FOIA request to the CDC for "[a]ll records submitted to CDC pursuant to 42 C.F.R. § 71.53(n)(2)" and "42 C.F.R. § 71.53(g)(1)(i) and (g)(1)(ii)" from May 1, 2013, to the date the request is processed.

10. In part, PETA seeks this information to ensure that importers and transporters have complied with all laws applicable to importation such as registering as a carrier or transporter with the U.S. Department of Agriculture (USDA) pursuant to the federal Animal Welfare Act (AWA) and implementing regulations, 7 U.S.C. § 2136; 9 C.F.R. § 2.25.

11. Primate importers have failed in this respect. For example, in 2012, one major international airline, China Southern Airlines (CSA), which had routinely imported nonhuman primates to the United States, was found in violation of the AWA by the USDA and fined over $14,000, in part, for importing nonhuman primates without a USDA-issued transporter registration number.

12. CSA then continued to ship primates without a valid USDA license even after it was assessed this fine. On April 15, 2013, PETA filed a formal complaint with the USDA asking that it investigate CSA's apparent continued noncompliance. In January 2014, the USDA found CSA in violation of the AWA for, inter alia, importing more than a thousand nonhuman primates without proper registration from August 2012 to August 2013. USDA levied an $11,600 fine, which CSA did not contest.

13. A July 2014 USDA inspection report found that charter airline Air Transport International was also shipping nonhuman primates into the United States without a valid USDA registration. The same inspection report found that Air Transport International

failed to provide food and water to more than 1,700 nonhuman primates for more than 32 hours, in violation of the AWA.

14. Later that year, USDA found Air Transport International shipped more than a thousand nonhuman primates from China to Houston using insecure crates that put the animals in danger, and again failed to provide the animals with food and water, this time for more than 24 hours, and again in violation of the AWA.

15. PETA seeks the information required by 42 C.F.R. § 71.53 from the CDC, among other reasons, to research other potential violations of statutes or regulations connected to nonhuman primate imports and to bring potential violations to the attention of regulators and seek enforcement against violators. PETA also seeks these documents in order to ascertain whether or not there is proper and efficient communication between the various government agencies charged with overseeing primate imports.

16. On May 19, 2014, the CDC acknowledged receipt of PETA's FOIA request and assigned it CDC FOIA Request No. 14-00712.

17. Having received no documents within the statutory period for a response, 5 U.S.C. § 552(a)(6)(A), on July 11, 2014 PETA requested an estimated date for the release of the public records requested in CDC FOIA Request No. 14-00712 and stating that, based on CDC's handling of PETA's previous requests that were similar in scope, PETA was concerned about an unreasonable delay in producing the records and an inapposite application of Executive Order 12600.

18. On August 25, 2014, the CDC responded by stating that it estimated that PETA would receive a response to its request in thirty-six months from the date of that letter (i.e., more than thirty-nine months from the date of PETA's request) and that the

documents PETA requested "will likely need to undergo an additional review in order to comply with Executive Order 12600."

19. To date, PETA has received no predisclosure notice pursuant to Executive Order 12600 as required by 45 C.F.R. § 5.65(d)(5).

20. The requested information does not contain commercial information that can be withheld by the CDC pursuant to 5 U.S.C. § 552(b)(4). Any application of Executive Order 12600 to PETA's FOIA request was or would be made in error, contributing to an unreasonable delay in the processing of the request.

21. As of the filing of this Complaint, PETA has not received a final determination and response from the CDC with regard to CDC FOIA Request No. 14-00712.

22. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), PETA is deemed to have exhausted its administrative remedies with regard to CDC FOIA Request No. 14-00712 because the agency has failed to comply with the statutory time limit.

23. PETA has previously submitted FOIA requests to the CDC that are similar in content and scope to CDC FOIA Request No. 14-00712, including CDC FOIA No. 11-00974, which was also unreasonably delayed in part due to improperly applying Executive Order 12600 to the request. The CDC also failed to follow the predisclosure notification procedures required by 45 C.F.R. § 5.65(d)(5) when applying Executive Order 12600 to CDC FOIA No. 11-00974.

24. PETA intends to regularly request records submitted to CDC pursuant to 42 C.F.R. § 71.53(n)(2), (g)(1)(i), and (g)(1)(ii).

//

//

**Count I: Violation of FOIA**

<u>Unreasonable Withholding of Records Responsive to CDC FOIA Request No. 14-00712</u>

25. Plaintiff realleges and incorporates by reference the allegations in each of the preceding paragraphs of this Complaint.

26. Defendant has violated FOIA by unreasonably withholding records responsive to PETA's CDC FOIA Request No. 14-00712.

27. Defendant's application of Executive Order 12600 is improper because the requested records are expressly required to be submitted to the CDC pursuant to regulation, and are therefore neither confidential nor commercial. *See, e.g., Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 878 (D.C. Cir. 1992) ("Since [persons] are required to provide this . . . information to the government, there is presumably no danger that public disclosure will impair the ability of the Government to obtain this information in the future." (quoting *Nat'l Parks & Conservation Ass'n v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974))).

28. Defendant has a policy and practice of violating FOIA through improper application of Executive Order 12600.

29. Defendant's failure to timely respond is unreasonable regardless of the applicability of Executive Order 12600.

30. PETA has been and will continue to be irreparably harmed until Defendant is ordered to comply with PETA's CDC FOIA Request No. 14-00712.

//
//
//

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare that Defendant's failure to comply with FOIA is unlawful;

(2) Declare that Defendant's application of Executive Order 12600 to materials that are expressly required to be submitted to the CDC pursuant to 42 C.F.R. § 71.53(n)(2), (g)(1)(i), and (g)(1)(ii) is unlawful;

(3) Enjoin Defendant from continuing to withhold the records responsive to PETA's CDC FOIA Request No. 14-00712 and otherwise order Defendant to produce the requested records without further delay;

(4) Maintain jurisdiction over this action until Defendant complies with FOIA and all orders of this Court;

(5) Award Plaintiff its attorneys' fees and other litigation costs reasonably incurred in this action, to the extent permitted by law; and

(6) Grant Plaintiff such other and further relief as the Court may seem just and proper.

Date:   March 3, 2014                Respectfully submitted,

/s/ Matthew Strugar_____
Matthew Strugar (D.C. Bar No. 1010198)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
Tel: 323-210-2263
Fax: 202-540-2208
Matthew-S@petaf.org

Jared Goodman (D.C. Bar No. 1011876)
PETA Foundation
1536 16th Street NW
Washington, DC 20036

Tel: 202-540-2204
Fax: 202-540-2208
JaredG@petaf.org

*Attorneys for Plaintiff*